KLOTZ, APPELLANT, *v.* THE FIRST NATIONAL BANK OF TOLEDO, APPELLEE.

[Cite as Klotz v. First Natl. Bank, 10 Ohio App. 2d 62.]

(No. 6207—Decided April 19, 1967.)

*Mr. Robert E. Klotz,* for appellant.

*Messrs. Marshall, Melhorn, Bloch & Belt* and *Mr. Edward F. Weber,* for appellee.

SKEEL, J. This appeal is from a judgment of dismissal of plaintiff-appellant's action seeking damages for an alleged libel. The plaintiff deposited with the defendant-appellee for collection and deposit an instrument in the nature of a bank check or sight draft in the sum of $300, drawn on The Western Federal Savings & Loan Association of Los Angeles, California. The plaintiff's petition alleges that the instrument was doubly

endorsed with plaintiff's signature appearing as the second endorsement. It is alleged that the defendant was well informed of plaintiff's standing in the community, his good reputation and impeccable character, and that he was thus recognized and was known as an inventor, physicist and mathematician who has worked for the past several years as an engineering writer.

It is alleged that the defendant wrongfully and with deliberate malice caused to be typed on its (the bank's) collection request form and made known to the bank employees the words, "pay only if payee's endorsement appears genuine." In that form, the collection request was sent to Los Angeles.

It is claimed that the defendant therefor and thereby imputed to plaintiff his "possible and probable" forgery of the first endorsement and the possible and probable illegal, unlawful, wrongful, dishonest, fraudulent and criminal possession of the instrument.

It is alleged that by causing such words to be placed on its collection form, the defendant acted with intent to impugn plaintiff's honesty, to ascribe to plaintiff a felonious and criminal personality, to bring plaintiff into disrepute in Toledo and its environs, and with like result in Los Angeles, California.

The defendant filed a motion seeking to strike certain of the allegations from the petition, which motion was granted, and the plaintiff was given leave to plead. The plaintiff having failed to plead further, the court, upon motion, dismissed plaintiff's action and entered judgment against plaintiff for the costs.

As indicated, this action is based on the conduct of the defendant when plaintiff deposited for collection and deposit a banker's check or sight draft upon which, as he alleged, the plaintiff was the second endorser. There is no claim that he was the payee, nor is the identity of the first endorser or payee disclosed. Without identifying the payee as an endorser, the plaintiff could not claim any clear or absolute right based upon possession of the bank check or draft. The defendant, as it was its right to do, placed on the collection request as indicated, "pay only if payee's endorsement appears genuine." The court acted correctly in ordering plaintiff to make his petition more definite and certain as requested by setting forth the identity of the payee as an endorser and in dismissing plaintiff's petition for failure to plead as directed.

Defendant's motion to strike out paragraph three of plaintiff's petition was properly granted. This paragraph sets out claims of plaintiff as to his reputation and business activities which are not relevant and are completely foreign to the issues presented, including alleged claims against the United States Government, which claims are wholly disassociated with the transaction here under consideration.

The fourth paragraph of the petition alleges that the defendant (in placing on the collection request the words, "pay only if payee's endorsement appears genuine") acted wrongfully, wilfully and with deliberate malice. The motion seeks to strike this paragraph from the petition. This action sounds in libel. Where, in such case, the words published are libelous per se and are not afforded privilege under the law, words attempting to add to the charge of libel by adding charges of wrongful conduct or acting with deliberate malice are superfluous. It would not constitute error, therefore, to order such words stricken from the petition. If allegations of fact are necessary in an action for libel to establish that the use of certain words as used in fact constitute a libel, the facts that make them so must be pleaded, and if not thus supported, the allegations of words charging wrongful conduct or deliberate malice would constitute irrelevant conclusions of law, and, upon motion, should be ordered stricken from the pleading. This part of the motion seeking to strike such paragraph was correctly decided.

The motion further asked to strike paragraphs five, six, seven and nine from the petition. These paragraphs, as indicated above, allege that the use of the words, "pay only if payee's endorsement appears to be genuine," were intended to attribute to the plaintiff the unlawful forging of the "signatures" appearing as endorsements on the instrument; that such words imputed to plaintiff his "possible and probable" illegal, unlawful, wrongful, dishonest, fraudulent and criminal possession of such instrument; that such words placed on defendant's collection request were intended to impugn plaintiff's honesty and to ascribe to plaintiff a felonious and criminal personality and to bring plaintiff into disrepute in Toledo and Los Angeles. No such interpretation could be reasonably ascribed to the use of such words as used on defendant's collection request.

Paragraph eight of plaintiff's petition alleges that his "good reputation in Los Angeles banking circles is too well established to be marred by such a false imputation," thus completely negating any claim for damages resulting from the alleged libel in the banking circles of Los Angeles.

The possession by an agent for collection of an order for the payment of money gives him the legal right, when in doubt, to seek verification of the genuineness of all endorsers and vests the collection agent with the right to request that his agent verify the genuineness of all endorsements.

For these reasons and for the failure of the plaintiff to file an amended petition to properly present his claim for judicial relief, the judgment is affirmed.

*Judgment affirmed.*

CORRIGAN, C. J., and SILBERT, J., concur.

CORRIGAN, C. J., SKEEL and SILBERT, JJ., of the Eighth Appellate District, sitting by designation in the Sixth Appellate District.